UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PHYLLIS L. FATH, | ) | 1:08-cv-0702-JLT |
| | ) | |
| Plaintiff, | ) | ORDER DISCHARGING ORDER TO |
| v. | ) | SHOW CAUSE |
| | ) | |
| MICHAEL J. ASTRUE, | ) | ORDER DISMISSING ACTION FOR |
| Commissioner of Social Security, | ) | FAILURE TO PROSECUTE AND FOR |
| | ) | FAILURE TO COMPLY WITH COURT |
| Defendant. | ) | ORDER |
| | ) | |
| | ) | ORDER DIRECTING CLERK TO CLOSE |
| | ) | ACTION |
| | ) | |

Plaintiff Phyllis Fath ("Plaintiff"), seeks judicial review of a final decision of the Commissioner of Social Security ("Defendant") denying her application for benefits under the Social Security Act ("Act"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1), and the matter has been assigned to the Magistrate Judge to conduct all further proceedings.

**PROCEDURAL HISTORY**

Plaintiff, proceeding *in forma pauperis*, filed her initial complaint in this matter of May 15, 2008, (Doc. 1), and, subsequently a First Amended Complaint on May 21, 2008. (Doc. 9). The Court's Scheduling Order was also issued on May 21, 2008. (Doc. 8). By the terms of that order, Plaintiff's had 95 days from service of the administrative record to file an opening brief.

(Doc. 8 at 2).

On June 22, 2009, Defendant filed a notice of lodging of the administrative record, which initiated the briefing process described for all parties in the Scheduling Order. Subsequently, the Court granted an extension of the briefing schedule granting Plaintiff until October 16, 2009, to file an opening brief. (Doc. 22). On October 26, 2009, Plaintiff filed a motion to extend the briefing schedule, requesting that the deadline for filing an opening brief be extended to December 15, 2009. (Doc. 23). In addition, on that same date, counsel for Plaintiff filed a Motion to Withdraw as Attorney of Record, noting a "deterioration" in the attorney/client relationship. (Doc. 24).

On October 30, 2009, the Court granted the request for additional time to file an opening brief, until December 15, 2009, (Doc. 26), and set a hearing on counsel's Motion to Withdraw. (Doc. 27, 28). The hearing was held on December 10, 2009 and on December 11, 2009, the Court granted counsel's Motion to Withdraw. (Doc. 30). That same day the Court ordered that Plaintiff, now proceeding *pro se*, file an opening brief by February 8, 2010. (Id.)

On February 12, 2010, the Court issued an Order to Show Cause directing that Plaintiff file an opening brief by February 26, 2010, or in lieu thereof, a motion for extension of time supported by good cause. (Doc. 32). On March 17, 2010, the Court filed an Amended Order to Show Cause and extended the deadline to March 31, 2010. (Doc. 33). Plaintiff was explicitly forewarned that failure to comply with the Court's order would result in dismissal of this action. (Id.)

**DISCUSSION**

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions, including where appropriate . . . dismissal of the case." Thompson v. Housing Authority, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or

failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson v. Duncan, 779 F.2d 1421, 1423-24 (9th Cir. 1986); Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

With respect to the first two factors – the public's interest in expeditiously resolving litigation and the Court's interest in managing its docket – the Court finds these factors suggest that dismissal is appropriate and warranted. The case has been pending for nearly two years. It has been stalled since June 2009, when Defendant lodged the administrative record in this proceeding. That absence of prosecution is entirely the result of Plaintiff's inaction, i.e., her failure to file an opening brief. Despite numerous extension of time and the Court's efforts to inform and remind Plaintiff of her responsibility in the adjudication process (see Scheduling Order and the Orders to Show Cause), Plaintiff still has not taken the action necessary to prosecute her claim.

The third factor, risk of prejudice to Defendant, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). Although Plaintiff is proceeding pro se and lacks legal expertise, the Court's Scheduling Order informed Plaintiff of the process of decision, what her responsibilities were as part of that process, and the time by

which she was to perform those various responsibilities, including when and how changes to the briefing schedule could be made.  The court attempted to prompt Plaintiff into action with its Orders to Show Cause.  In those orders, the Court made it clear Plaintiff's performance deficits.  Plaintiff failed to respond to either order.  Under these facts, the Court finds Plaintiff's delay in prosecution of this action unreasonable.

Alternatives less drastic than dismissal do not appear to be realistic under the facts of this case.  Proving Petitioner additional time in which to file her amended petition "constituted an attempt at a less drastic sanction to that of outright dismissal."  Ferdik v. Bonzelet, 963 F.2d at 1262.  Furthermore, the Court's warning to Petitioner that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Id.; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.

On the other hand, because Plaintiff is proceeding *in forma pauperis*, monetary sanctions are not a viable option and given the history of this case, the Court has little confidence that another warning would result in Plaintiff taking the required action. The earlier cautions, and the Court's generous indulgence of time, have not produced the desired response – an opening brief.  Moreover, Plaintiff has not sought to ask the Court for more time to file her opening brief or to advise the Court in any fashion as to why she was delayed so substantially in meeting her obligations to prosecute this matter diligently.  The Court finds that, under the circumstances of the present case, there is no reasonable alternative to dismissal.

The Court recognizes that public policy favors disposition of cases on the merits and has factored that consideration in to its decision.  The Court is concerned that securing a disposition of this case on the merits will likely come only at a price that substantially compromises the public's interest in expeditious resolution of this litigation, the Court's interest in managing its docket, and Defendant's interest in a legal process free from unreasonable delay.  Consequently, the Court finds that this factor – public policy favoring disposition on the merits – is greatly outweighed by the other factors favoring dismissal of this action.

Accordingly, IT IS HEREBY ORDERED that:

1. The Amended Order to Show Cause issued on March 17, 2010 IS

DISCHARGED.

2.  The action IS DISMISSED with prejudice for failure to prosecute and failure to follow an order of the Court; and

3.  The Clerk is DIRECTED to close this action because this order terminates the action in its entirety.

IT IS SO ORDERED.

Dated:   **April 5, 2010**                                  **/s/ Jennifer L. Thurston**
                                                                                UNITED STATES MAGISTRATE JUDGE